NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUSTIN EVERETT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-2245

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00508-EGB, Senior Judge Eric G. Bruggink.

---

**ON MOTION**

---

Before PROST, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the final judgment of the United States Court of Federal Claims dismissing Justin Everett's complaint. Mr. Everett has not responded. We grant the motion.

In his complaint, Mr. Everett alleges that the federal government slandered him and violated the Sherman Anti-

Trust Act, 15 U.S.C. §§ 1–2. The apparent basis of his claims was that TreasuryDirect, an electronic resource for buying and redeeming United States Savings Bonds and other United States backed investments, closed his account because he "tried to use someone[] else['s] credentials with no valid proof." Compl. at 1. The Court of Federal Claims granted the government's motion to dismiss for lack of subject matter jurisdiction. This appeal followed.

We agree that summary affirmance is appropriate here because there is "no substantial question regarding the outcome of the appeal." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Tucker Act provides the Court of Federal Claims with jurisdiction only over certain claims for money damages "not sounding in tort" against the United States. 28 U.S.C. § 1491(a)(1). The Court of Federal Claims clearly was correct that Mr. Everett's slander claim sounds in tort and is thus outside that court's jurisdiction. It was also clearly correct that federal district courts have exclusive jurisdiction over claims of Sherman Anti-Trust Act violations. *See* 15 U.S.C. § 15(a). Finally, the court was clearly correct that Mr. Everett cited nothing that would mandate money damages against the federal government for closing a TreasuryDirect account.

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion is granted. The judgment of the Court of Federal Claims is affirmed.

EVERETT v. US                                                                                    3

    (2)  Each party shall bear its own costs.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

November 12, 2024
Date